IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BOBBY COPENNY, JR.,
          Plaintiff,

v.                                                    Civil Action No. 3:14-cv-00007-JAG

CITY OF HOPEWELL, *et al.*,
          Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on the defendants' motions to dismiss. (Dk. Nos. 15 and 17.) The City of Hopewell Police Department learned that an officer, Bobby Copenny, Jr., had taken undue liberties with a high school student in his custody. As a result, the Department terminated his employment. Several months later, a Hopewell grand jury indicted Copenny for abduction with intent to defile, arising from the same misconduct that led to his termination.

Copenny has sued the City and two high-ranking police officers for violating his civil rights. His amended complaint does not contain any separate counts, but he appears to allege four claims: violation of his right to procedural due process, violation of his right to substantive due process, violation of his due process rights by malicious prosecution, and conspiracy to violate his civil rights.

The Court dismisses the plaintiff's amended complaint. As to procedural due process, Copenny received all the process due to him. His substantive due process claim fails for two reasons: tenured public employment is not a fundamental property interest entitled to substantive due process protection, and nothing in this case "shocks the conscience." His due process/malicious prosecution has no legal or factual basis. Finally, Copenny's conspiracy claim is dismissed for failure to allege sufficient facts to support a conspiracy. Accordingly, the Court GRANTS the motion to dismiss on all counts.

# I. Facts[1]

Copenny worked as a police officer for the City of Hopewell Police Department,[2] which assigned him to work in Hopewell High School. Copenny arrested a high school student, Cienna Westcarr, for physically threatening a vice principal. Copenny took her to the local jail, and gave her a ride home after her booking. A few days later, defendant John Keohane, the Chief of Police, ordered him not to return to Hopewell High School for duty but instead to report to Keohane's office. There, Defendant Robert Skowron, the deputy chief of police, told Copenny that Westcarr had filed a complaint about Copenny. Westcarr said that Copenny had taken her to his apartment before taking her to jail on January 13, 2012.

Copenny then explained his side of the story to Skowron, apparently denying everything. After the interview, Skowron told Copenny not only that Westcarr, when interviewed, described Copenny's apartment in detail, but also that the police had a security video of Copenny and Westcarr in Copenny's apartment complex. Not long after this meeting, the Police Department terminated Copenny. After the termination, in accordance with the Hopewell Police Department's procedures, Copenny filed a grievance, initiating a four-step process. After Copenny had proceeded through three of the four steps, he and the City settled their dispute by allowing Copenny to resign instead of being fired. He then withdrew the grievance.

During the grievance process, a Hopewell grand jury indicted Copenny for abduction with intent to defile for taking Westcarr to his apartment. The Hopewell Circuit Court acquitted Copenny of the abduction charge.

---

[1] Following settled law, the Court views the facts in the light most favorable to the plaintiff. *See De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991). Additionally, at this stage of the case, the plaintiff only needs to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. v. Twombly*, 550 U.S. 544, 557 (2007).

[2] The Hopewell Police Department is an agency of the City of Hopewell.

## II. Discussion

### A. Alleged Due Process Violations for Employment Termination

#### i. Procedural Due Process

When terminated, "a public employee . . . [is] entitled to a very limited hearing prior to his termination, to be followed by a more comprehensive post-termination hearing." *Gilbert v. Homar*, 520 U.S. 924, 929 (1997) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538-39 (1985)). "[A] tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985) (citing *Arnett v. Kennedy*, 416 U.S. 134, 170 (1974)). When an employer provides post-termination procedures, the employer need not provide extensive pre-termination procedures. *Holland v. Rimmer*, 25 F.3d 1251, 1258 (4th Cir. 1994).

Copenny's amended complaint shows that the defendants provided him with all the process due to him. Before the termination, Skowron notified Copenny about Westcarr's allegations, explained the evidence against him, and gave Copenny a chance to tell his side of the story. After the termination, Copenny participated in a comprehensive four-step grievance procedure. The grievance procedure apparently worked fairly, because Hopewell changed Copenny's termination to a resignation—a considerable benefit to Copenny. The procedural due process claim, therefore, fails.

#### ii. Substantive Due Process

The Court also dismisses Copenny's substantive due process claim. "Unlike rights subject to procedural due process protection, which arise from sources other than the Constitution, substantive due process rights arise solely from the Constitution." *Huang v. Bd. of*

*Governors of Univ. of N.C.*, 902 F.2d 1134, 1142 n. 10 (4th Cir. 1990). To decide a substantive due process claim, a court must first look "to whether the property interest being deprived is 'fundamental' under the Constitution." *Guthrie v. McClaskey*, 1:11CV61, 2012 WL 5494457, *6 (W.D. Va. Nov. 13, 2012). "If it is, then substantive due process protects the plaintiff from arbitrary or irrational deprivation, regardless of the adequacy of [the] procedures used." *Id.* (quoting *Nicholas v. Penn. State Univ.*, 227 F.3d 133, 142 (3d Cir. 2000)). "If the interest is not 'fundamental,' however, the governmental action is entirely outside the ambit of substantive [due] process and [the government action] will be upheld so long as the state satisfies the requirements of procedural due process." *Id.* (quoting *Nicholas*, 227 F.3d at 142.)

"[T]enured public employment is not a fundamental property interest entitled to substantive due process protection." *Id.*; *see also Logar v. W.Va. Univ. Bd. of Governors*, 2013 WL 4501052, *6–8 (N.D. W.Va. Aug. 21, 2013) (collecting cases). Although the Fourth Circuit has not directly addressed this issue, the Court has said that "[i]t is doubtful" whether a public employee's government employment "is a right properly subject to substantive due process review." *Huang*, 902 F.3d at 1124 n. 10. The public employee's right to his position, "if it exists, is essentially a state law contract right, not a fundamental interest embodied in the Constitution." *Id.* (citing *Regents Univ. of Michigan v. Ewing*, 474 U.S. 214, 229–30 (1985) (Powell, J. concurring)). Copenny's public employment, therefore, is not a fundamental interest entitled to substantive due process protection.

Even if this Court did consider Copenny's continued interest in his employment a "fundamental right," Copenny's substantive due process claim would still fail. To succeed on a substantive due process claim, Copenny has to allege conduct "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Hawkins v. Freeman*, 195 F.3d

4

732, 738 (4th Cir. 1999). Even accepting everything in the amended complaint as true, the allegations fall far short of showing that the alleged conduct by the defendants shocks the conscience. Here, the police received a complaint of improper conduct by Copenny, investigated it, and concluded that he had taken a high school student in his custody to his apartment. The police had a video of Copenny and the victim in his apartment complex, and the victim could describe Copenny's apartment in detail. With this evidence in hand, the Department fired Copenny. Nothing in this scenario shocks the conscience.

Copenny, however, says the defendants should have investigated Westcarr's background more thoroughly in order to evaluate her credibility before terminating Copenny. Perhaps so, but the Department's actions need not be ideal in order to be constitutional. Given all the evidence, the defendants' actions simply do not shock the conscience. The Court dismisses the substantive due process claim.

*B. Malicious Prosecution*

Although it is difficult to discern from the amended complaint, Copenny seems to allege that Keohane and Skowron have violated his due process rights by maliciously prosecuting him. "[T]he right to be free from prosecution without probable cause [does] not [represent] a substantive due process right, but rather [represents] a violation of the petitioner's Fourth Amendment right to be free from unreasonable seizures." *Lambert v. Williams*, 223 F.3d 257, 261 (4th Cir. 2000) (citing *Albright v. Oliver,* 510 U.S. 266, 271 (1994)). A malicious prosecution claim under § 1983, thus, "is simply a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution." *Id.* at 262. Thus, Copenny's due process/malicious prosecution claim fails.

Even if Copenny were to properly allege a Fourth Amendment violation, his claim still fails. "To state a claim for malicious prosecution under § 1983, 'a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in [the] plaintiff's favor.'" *Willis v. Blevins*, 3:13CV278-HEH, 2013 WL 4430923, *5 (E.D. Va. Aug. 16, 2013) (quoting *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012)).

Although the prosecution ended favorably for Copenny, he fails to allege sufficient facts to satisfy the first two elements. First, "'[l]ike common law torts, constitutional torts 'require a demonstration of both but-for and proximate causation.'" *Id.* (quoting *Evans*, 703 F.3d at 647). The intervening acts of independent decision-makers, such as prosecutors and grand juries, may constitute "superseding causes that break the causal chain between a defendant-officer's misconduct and a plaintiff's unlawful seizure." *Evans*, 703 F.3d at 647 (citation omitted). "Such intervening acts of other participants in the criminal justice system insulate a police officer from liability." *Id.* (citations and internal quotation marks omitted).

The law recognizes an exception to the rule about intervening causes of prosecutions. Sometimes police officers can present false evidence, hide evidence of innocence, or unduly pressure a prosecutor into pressing charges. *Id.* at 647–48 (citations omitted). In these circumstances, an officer can still be liable for a wrongful prosecution, even though a prosecutor or grand jury makes the final decision to prosecute. *Willis*, 2013 WL 4430923 at *4 (citing *Evans*, 703 F.3d at 648). In Virginia, the decision to prosecute belongs to the Commonwealth's Attorney. The decision to indict belongs to the grand jury. Copenny's amended complaint does not allege that the defendants lied or misled a prosecutor or grand jury, failed to disclose

exculpatory evidence, or pressured anyone into seeking an indictment. Accordingly, Copenny has failed to allege that the defendants "caused" his prosecution.

As to the second element, lack of probable cause, Copenny's amended complaint shows that the authorities had probable cause to prosecute him. "'[A]n indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause.'" *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012) (quoting *Gerstein v. Pugh*, 420 U.S. 103, 117 n. 19 (1975)). Copenny admits in his amended complaint that a City of Hopewell grand jury indicted him, demonstrating conclusively that probable cause existed.

Further, even without the existence of an indictment, the defendants had probable cause. "[F]or probable cause to exist, there need only be enough evidence to warrant the belief of a reasonable officer that an offense has been or is being committed; evidence sufficient to convict is not required." *Id.* Copenny's own allegations provide ample evidence to warrant the belief that Copenny committed an offense. As noted above, the police had a complaint from a victim, who could describe Copenny's apartment in detail, corroborated by security footage of Westcarr and Copenny in the apartment complex. Accordingly, probable cause existed for Copenny's seizure and thus no Fourth Amendment violation occurred.

### C. Alleged § 1985(3)[3] Conspiracy Claims

Copenny alleges a conspiracy by Keohane, Skowron, and Westcarr to terminate his employment and maliciously prosecute him. A § 1985(3) conspiracy claim consists of the following essential elements:

> (1)[a] conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus, to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury

---

[3] Copenny does not allege a specific subsection of § 1985, but subsection 3 is the only subsection that could possibly apply in this case.

7

to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*Buschi v. Kirven*, 775 F.2d 1240, 1257 (4th Cir. 1985).

Although Copenny does allege that two or more people conspired together, he fails to allege any of the other necessary elements of a § 1985(3) conspiracy. Particularly, he fails to allege any class-based invidiously discriminatory intent by Keohane, Skowron, and Westcarr. Thus, Copenny fails to properly allege the conspiracy claims. The Court, therefore, dismisses the conspiracy claim.

### III. **Conclusion**

For the reasons stated above, the Court GRANTS the defendants' motion to dismiss. The Court dismisses all claims WITH PREJUDICE.

The Court will enter an appropriate order.

Let the Clerk send a copy to all counsel of record.

Date: March *14*, 2014
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge